101 F.3d 715
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re DATAPOINT CORPORATION, Petitioner.
 Misc. No. 483.
 United States Court of Appeals, Federal Circuit.
 Nov. 14, 1996.
 
 Before MAYER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 PLAGER, Circuit Judge.
 
 ORDER
 
 1
 Datapoint Corporation petitions for a writ of mandamus to direct the United States District Court for the Eastern District of New York to consider the merits of its motion for class certification. Intel Corporation submits a response in which Standard Microsystems Corporation joins.
 
 BACKGROUND
 
 2
 Datapoint brought two actions for patent infringement against Standard Microsystems and Intel in the United States District Court for the Eastern District of New York. The first action named Standard Microsystems and Intel as defendants in their individual capacities, and the second action named them as defendants both in their individual capacities and as "representatives of the class of all manufacturers, vendors and users" of the allegedly infringing products. These actions were consolidated by the district court for purposes of discovery. On June 28, 1996, Datapoint moved in the first action for class certification of the defendants pursuant to Fed.R.Civ.P. 23. The district court denied Datapoint's motion without prejudice, stating that the motion was premature and that the court wanted to learn more about the merits of the underlying infringement action before deciding the motion. The district court again denied the motion without prejudice upon its renewal on September 5, 1996. Datapoint now petitions this court for a writ of mandamus to direct the district court to consider certification of the class at this stage of the litigation.
 
 DISCUSSION
 
 3
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chem., 449 U.S. at 35.
 
 
 4
 The issue in Datapoint's petition is whether the district court may defer consideration of the motion for class certification until the court has examined the merits of the infringement actions. Rule 23(c) of the Federal Rules of Civil Procedure provides, in part:
 
 
 5
 (c) Determination by Order Whether Class Action to be Maintained: Notice; Judgment; Actions Conducted Partially as Class Actions.
 
 
 6
 (1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.
 
 
 7
 Datapoint argues that the Supreme Court has interpreted this language to mean that a district court should not examine the merits of the underlying case in determining whether a class should be certified. See Eisen v. Carlisle & Jacquelin, 417 U.S. 154, 177 (1974) (Rule 23 does not authorize a district court to conduct a preliminary hearing on the merits of a suit in order to determine whether it may be maintained as a class action). Datapoint asserts that the district court intentionally disregarded this controlling precedent and cites the district court's statement:
 
 
 8
 I know the Supreme Court says we're not supposed to look into the merits on certification, but that's not my view and there is an article in the Federal Rules and Decision last year in which I say that the Supreme Court's position is wrong. So I apply my rule. I think it's sensible to consider the merits before we get too heavily involved in a big certification business and bring in people that don't want to be here and we have opt outs. The whole case gets snarled up in procedure.
 
 
 9
 Datapoint thus contends that the district court's refusal to consider its motion for class certification is a "clear abuse of discretion." Datapoint states that one of its concerns is the binding nature of the district court's decisions on the potential members of the defendant class, e.g., with respect to claim construction in a Markman hearing.
 
 
 10
 Intel responds that the district court properly exercised its discretion in determining that class certification was not warranted at the present time. Intel points out that the district court considered the parties' briefs and heard oral argument concerning the motion before denying the motion without prejudice. Intel argues that "scant authority" exists with regard to class certification in patent cases, particularly of defendants, and that the district court's desire to learn more about the case prior to certification is indicative of caution. Further, Intel emphasizes that the district court has not suggested that it will hold a preliminary hearing in contravention of the Court's holding in Eisen. Intel asserts that the district court wishes only to have the parties conduct some discovery with respect to certain issues before revisiting the question of class certification.
 
 
 11
 The decision whether to certify a class is left to the sound discretion of the district court. See Califano v. Yamasaki, 442 U.S. 682, 702 (1979) (certification of nationwide class, like most issues arising under Rule 23, is committed in the first instance to the discretion of the district court); Reiter v. Sonotone Corp., 442 U.S. 330, 345 (1979) (district courts have broad power and discretion vested in them by Rule 23 with respect to matters involving the certification and management of potentially cumbersome class actions). We have noted that the remedy of mandamus is "strong medicine" and that a case may not be appropriate for mandamus "even though on normal review, a court might find reversible error." In re Cordis Corp., 769 F.3d 733, 737 (Fed.Cir.1985). In this case, the district court, in an exercise of discretion, decided that it did not have sufficient information to determine whether class certification was warranted. Despite the district court's obiter dictum regarding his willful refusal to comply with the Supreme Court's rulings in Eisen, we do not glean from the record that the judge in fact is engaged in a prohibited review of the merits before deciding the Rule 23 matter. If the district court eventually concludes that Datapoint's motion for class certification should be denied, Datapoint may ultimately challenge that order on appeal before this court. See Coopers & Lybrand v. Livesay, 437 U.S. 463, 468 (1978) (an order denying class certification is subject to effective review after final judgment). Particularly in view of the Supreme Court's admonition in Allied Chemical that discretionary rulings will rarely be appropriate for review by mandamus, we conclude that Datapoint has failed to show a clear and indisputable right to the relief requested. See Allied Chem., 449 U.S. at 36.
 
 
 12
 Accordingly,
 
 IT IS ORDERED THAT:
 
 13
 Datapoint's petition for a writ of mandamus is denied.